THOMAS B. WILSON, ET AL. *v.* CRITTEN JACOBS, ET AL.

**Trespass by Cutting Timber.**

Where one is in possession of only a part of a tract of land he has no right to take timber from the part of which he is not in possession, and if he sells the timber off of such adjoining land those taking it off are liable for trespass for they can get no more right than had the seller himself.

APPEAL FROM GRAYSON CIRCUIT COURT.

February 23, 1884.

OPINION BY JUDGE LEWIS:

The land upon which the alleged trespass was committed is the west half of lot No. 4 of Mays' six-thousand-eight-hundred-acre survey. Appellants, except Thomas B. Wilson, who is the tenant of the others, had possession by their tenant, Bratcher, in 1874 of the entire lot, and so continued until the spring of 1875 when Bratcher, their tenant for that year, in violation of the terms of his written lease agreed with one Jerry Wilson, to make a marked line running northward and southward leaving Bratcher in possession of the western and Wilson in possession of the eastern part of the lot. Bratcher was in possession, claiming to the marked line until 1876, when he sold the improvements to appellant, Thos. B. Wilson, who held until 1879, when he leased the property from the agent of the other appellants and held it as their tenant and was in possession by the terms of his written lease claiming as their tenant when the alleged trespass was committed and this action was commenced.

Appellee, Gary, removed on the eastern half of the lot about two years after Thos. B. Wilson took possession of the western half, but under what title or claim does not appear. In his answer he alleges the land to be vacant and sets up no other than a possessory claim to it. The trespass complained of was the cutting of timber on the western half of the lot and making staves of it, by the other appellees, which Gary sold to and authorized them to enter upon the land and cut.

Upon the trial the court gave four instructions to the jury. Some of which were entirely abstract and misleading. There was no evidence whatever introduced showing or tending to show that appellee, Gary, ever was in possession of any part of the lot west of the division line made by Bratcher and Jerry Wilson. He is shown to have been in possession of the eastern part, but the two parcels were distinct, made so by Bratcher and Jerry Wilson, and the line mentinoed in the lease to Thos. B. Wilson as the boundary of his possession as tenant. It was therefore erroneous and misleading to instruct the jury that if Gary was in possession of the land on which the cutting was done and authorized the cutting they should find for defendants, or that they should find for defendants if Gary was in possession of a marked boundary including the land on which the cutting was done claiming the same adversely

to the plaintiff. He was in possession of a part of lot No. 4, which was described by a marked boundary, and the jury may have understood the court to refer to that boundary. But he was not in possession of nor did he ever claim to the extent of the boundary of the lot, but only the eastern part thereof bounded by the division line referred to.

Wherefore the judgment is *reversed* and cause remanded with directions to grant appellants a new trial and for further proceedings consistent with this opinion.

*G. W. Stone, for appellants.*